TALLMAN, Circuit Judge,
concurring:
I join the panel’s decision because it is compelled by existing precedent. There is no question that, at the time the search warrant was executed, the officer relied in good faith on the magistrate’s reasonable determination of probable cause. But if the slate were clean, I would also agree with the issuing magistrate that under the totality of the circumstances, probable cause existed to search Needham’s home for child pornography. Our precedent acknowledges the need to respect the real world experiences of police officers who investigate juvenile sex crimes, but then fails to apply that principle in declaring categorically that there is no nexus between child molestation and collection of child pornography. The circumstances of this case illustrate why such categorical pronouncements are unwise.
The circumstances included: conclusive evidence that Needham had recently molested a five-year-old victim in a shopping mall bathroom; a criminal history for similar conduct, including a prior arrest for lewd and lascivious behavior and possession of obscene materials; Needham’s obligation to register as a previously convicted sex offender; and, importantly, the sex crimes detective’s experienced judgment that a link exists between those who engage in child molestation and possession of child pornography. Common sense supports “a fair probability” that, under the totality of the circumstances, officers would find child pornography. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Yet our panel, and future panels of our Court, are constrained by Dougherty v. City of Covina, 654 F.3d 892 (9th Cir. 2011), a flawed decision whose categorical rule that there is no such linkage will likely stifle legitimate law enforcement efforts to halt the proliferation of child pornography. This is not to suggest that the nature of the suspected crime should affect the defendant’s Fourth Amendment rights, but rather to underscore the Dougherty majority’s unwarranted refusal to respect an officer’s “common sense leap ... that a potential child predator has moved along the continuum of looking and into the realm of touching.” Id. at 901-02 (Brewster, D.J., concurring in the judgment). Blinding ourselves to this reality has serious consequences, as is surely the case for those unfortunate child victims pictured in the 30,000 images and 200 videos possessed by Needham, whom police had already shown was a child molester.
In creating this categorical rule — and ignoring common sense bolstered by police experience with child sex predators — the Dougherty court misinterpreted United States v. Weber, 923 F.2d 1338 (9th Cir. 1990), a pre-Internet case that establishes only that when an officer seeks to connect group A (child molesters) to conduct B (possession of child pornography), the officer must show that the defendant belongs to group A.[1] The Customs inspector in *1203 Weber failed to make the necessary showing. The officers in Dougherty and here succeeded in articulating sufficient detail to establish probable cause that the defendants had molested children and, in the officers’ experience, were likely to possess child pornography.
We stated in United States v. Reese that “[fjrequently in affidavits supporting requests for warrants, officers state, based on their experience, that narcotics dealers possess weapons. Such statements certainly are appropriate and may be considered by magistrates in deciding whether to issue a warrant.” 775 F.2d 1066, 1074 n. 5 (9th Cir.1985) (emphasis added). Certainly, we would not allow officers to link any two crimes imaginable. But when a sex crimes officer states, from experience, that a grown man who enters a mall bathroom and intentionally touches a boy on the penis also likely possesses child pornography, that statement exists within the realm of common sense and deserves some deference.
We should not so cavalierly reject the empirical experience of sex crimes investigators linking lewd and lascivious conduct involving young children with possession of pornographic images of the objects of a predator’s sexual desires. And our decisions, like Dougherty, should not so easily dispatch these “common-sense conclusions” made “by those versed in the field of law enforcement.” Gates, 462 U.S. at 231-32, 103 S.Ct. 2317. “These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Id. at 231, 103 S.Ct. 2317 (quoting Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). The assessment of probable cause by the magistrate here met the Fourth Amendment standard for establishing “a substantial basis for concluding] that a search would uncover evidence of wrongdoing.” Id. at 236, 103 S.Ct. 2317 (alteration in original) (citation and internal quotation marks omitted).
As the Supreme Court cogently observed in Gates:
The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfin-ders are permitted to do the same — and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.
Id. at 232, 103 S.Ct. 2317 (quoting United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)).
We need to revisit this issue and consign hypertechnical decisions like Dougherty to the dust bin of erroneous blanket legal pronouncements devoid of reality.

. Dougherty also failed to consider the impact of our en banc decision in United States v. Gourde, 440 F.3d 1065 (9th Cir.2006) (en banc), in which we stated that “Weber cannot be read to support Gourde's position — that a search warrant for child pornography may *1203 issue only if the government provides concrete evidence, without relying on any inference, that a suspect actually receives or possesses images of child pornography' — without running afoul of Gates." Id. at 1074.